UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SPRING ER, LLC | § | Case No. 11-30609 |
| | § | Chapter 7 |
| Debtor. | § | Judge Bohm |
| RANDY W. WILLIAMS, | § | |
| CHAPTER 7 TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No. 11-_____ |
| | § | |
| ROBERT D. GREEN, | § | |
| ROBERT D. GREEN & ASSOCIATES, | § | |
| JAMES LEE, JR., | § | |
| CLARK, BURNETT, LOVE & LEE, G.P., | § | |
| GREEN BANK, N.A., | § | |
| PATRIOT BANK, AND | § | |
| CARDINAL HEALTH 200, LLC, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT AND OBJECTION TO CLAIMS

Randy W. Williams, chapter 7 trustee for Spring ER, LLC (the "Trustee"), files this complaint and objection to claims against Robert D. Green, Robert D. Green & Associates, James Lee, Jr., Clark Burnett, Love & Lee, G.P., Green Bank, N.A. ("Green Bank"), Patriot Bank ("Patriot Bank") and Cardinal Health 200, LLC ("Cardinal").

### PARTIES AND JURISDICTION

1. The Trustee may be served in this adversary through the undersigned counsel.

2. Robert D. Green is an individual and resident of Texas. Mr. Green is an attorney licensed to practice law in the State of Texas. Mr. Green has appeared in the main bankruptcy case and has asserted an informal proof of claim. Mr. Green will be served with the complaint

and a summons at his place of employment, Robert D. Green & Associates, P.C., 440 Louisiana Street, Suite 1930, Houston, Texas 77002-1636.

3. Robert D. Green & Associates, P.C. is a Texas professional corporation engaged in the practice of law with its corporate headquarters located at 440 Louisiana Street, Suite 1930, Houston, Texas 77002. Robert D. Green & Associates, P.C. has appeared in the main bankruptcy case and has filed a proof of claim. Robert D. Green & Associates, P.C. will be served with the complaint and a summons by serving its president and resident agent, Robert D. Green at 440 Louisiana Street, Suite 1930, Houston, Texas 77002.

4. James Lee, Jr. is an individual and resident of Texas. Mr. Lee is an attorney licensed to practice law in the State of Texas. Mr. Lee has appeared in the main bankruptcy case and has asserted an informal proof of claim. Mr. Lee will be served with the complaint and a summons at his place of employment as indicated by the records maintained by the State Bar of Texas, Clark, Burnett, Love & Lee, GP, 440 Louisiana Street, Suite 1600, Houston, Texas 77002.

5. On information and belief, Clark, Burnett, Love & Lee, GP is an unregistered partnership engaged in the practice of law. Clark, Burnett, Love & Lee, GP maintains its corporate headquarters at 440 Louisiana Street, Suite 1600, Houston, Texas 77002. Clark, Burnett, Love & Lee, GP has appeared in the main bankruptcy case and has asserted an informal proof of claim. Clark, Burnett, Love & Lee, GP will be served with the complaint and a summons by serving its principal, James Lee, Jr. at 440 Louisiana Street, Suite 1600, Houston, Texas 77002.

6. Green Bank is a national bank incorporated in the State of Texas. Green Bank's corporate headquarters is located at 4000 Greenbriar, Houston, Texas 77098. Green Bank has

appeared in the main bankruptcy case and has filed a proof of claim. By agreement, the Trustee will serve a summons and complaint on Green Bank's attorney in the bankruptcy case, Stephen Lemmon, Brown McCarroll, L.L.P., 111 Congress Avenue, Suite 1400, Austin, Texas 78701.

7. Patriot Bank is a Texas chartered bank incorporated in the State of Texas. Patriot Bank's corporate headquarters is located at 7500 San Felipe, Suite 125, Houston, Texas 77063. Patriot Bank has appeared in the main bankruptcy case and has filed a proof of claim. By agreement, the Trustee will serve a summons and complaint on Patriot Bank's attorney in the bankruptcy case, Steven A. Leyh, Leyh & Payne, L.L.P., 9545 Katy Freeway, Suite 200, Houston, Texas 77024.

8. Cardinal Health 200, LLC is a Delaware corporation with its corporate headquarters located at 1430 Waukegan Road, Waukegan, IL 60085. Cardinal Health 200, LLC has appeared in the main bankruptcy case and has filed a proof of claim. Cardinal Health 200, LLC will be served with the complaint and a summons by serving its chief executive officer, David L. Schlotterbeck, at 1430 Waukegan Road, Waukegan, IL 60085. In addition, Cardinal Health 200, LLC will be served by serving Denene Byrd, Manager, at 7000 Cardinal Place, Dublin, Ohio 43017 as set on its proof of claim.

9. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (H), (K) and (O). This Court has authority to hear all claims asserted by the Trustee in this complaint.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Relief is sought pursuant to 11 U.S.C. §§ 105, 506, 544, 548, 550 and other applicable law.

## SUMMARY OF THE COMPLAINT

12. In this complaint, the Trustee (i) seeks to avoid the assumption of certain obligations and liens granted by the Debtor in favor of Green Bank and Patriot Bank; (ii) seeks to avoid a payment to Robert D. Green in the amount of $20,000; (iii) requests a declaration that Robert D. Green, Robert D. Green & Associates, James Lee, Jr., Clark Burnett, Love & Lee, G.P. and Patriot Bank have no interest in the Aetna Settlement or other estate property; (iv) requests a declaration of the extent and priority the lien claims of Green Bank and Cardinal; and (v) objects to the proofs of claim filed by the parties, save and except Cardinal. In addition, the Trustee seeks the award of fees, costs and damages against certain of the defendants.

## STATEMENT OF RELEVANT FACTS

**Pre-Petition Transactions**

13. Prior to the petition date, the Debtor entered into a number of secured loans and other contractual arrangements. A description of the relevant transactions is set forth below.

The Green Bank Debt

14. The Debtor is a party to the following loans from Green Bank:

- On or about June 17, 2009, the Debtor executed a promissory note in the amount of $250,000 in favor of Green Bank (the "Green Bank $250,000 Loan"). The Green Bank $250,000 Loan had an original maturity of December 17, 2009 which was subsequently extended to December 17, 2010. To secure the Green Bank $250,000 Loan, the Debtor granted Green Bank a lien in all of its accounts, equipment, inventory, instruments, general intangibles and other documents. A UCC financing statement was filed on June 23, 2009. Green Bank has sworn that the outstanding balance of the Green Bank $250,000 Loan on the petition date was $250,875.00.

- On or about June 17, 2009, the Debtor executed a promissory note in the amount of $350,000 in favor of Green Bank (the "Green Bank $350,000 Loan"). The Green Bank $350,000 Loan is an installment note with a maturity date of June 17, 2013. To secure the Green Bank $350,000 Loan, the Debtor granted Green Bank a lien in all of its accounts, equipment, inventory, instruments, general intangibles

and other documents. A UCC financing statement was filed on June 23, 2009. Green Bank has sworn that the outstanding balance of the Green Bank $350,000 Loan on the petition date was $238,855.33.

- On or about January 3, 2008, Green Bank extended a loan in the principal amount of $2,280,000 to 6300 Interests, Ltd. (the "6300 Interests Loan 1"). The 6300 Interests Loan 1 was secured by certain real property owned by 6300 Interests, Ltd. located at 6300 Richmond Avenue, Houston, Texas. In an extension agreement dated July 3, 2010 but notarized on September 16, 2010, Green Bank extended the 6300 Interests Loan 1 in exchange for, among other things, the Debtor's agreement to be a maker on the note. Green Bank has sworn that the outstanding balance of the 6300 Interests Loan 1 on the petition date was $2,303,179.99.

- On or about February 27, 2009, Green Bank extended a loan in the principal amount of $1,208,850 to 6300 Interests, Ltd. (the "6300 Interests Loan 2"). The loan was secured by certain real property owned by 6300 Interests, Ltd. located at 6300 Richmond Avenue, Houston, Texas. In an extension agreement dated July 3, 2010 but notarized on September 16, 2010, Green Bank extended the 6300 Interests Loan 2 in exchange for, among other things, the Debtor's agreement to be a maker on the note. Green Bank has sworn that the outstanding balance of the 6300 Interests Loan 2 on the petition date was $1,190,343.10.

- In addition, Green Bank asserts post-petition interest of at least $23,370.68 as well as attorney's fees and costs of $57,206.75 as of March 1, 2011. Green Bank has stated that both amounts continue to accrue.

<u>The Patriot Debt</u>

15. The Debtor is a party to the following loan from Patriot:

- On or about July 24, 2008, Patriot extended a revolving line of credit to Quality Infusion Care ("Quality") up to a maximum amount of $8,000,000 (the "Patriot Loan"). The Patriot Loan had an initial term of one year. The Patriot Loan is secured by all accounts, inventory, instruments and general intangibles of Quality. In order to induce Patriot to extend the loan and convert the Patriot Loan to a term note, the Debtor assumed all obligations under the Patriot Loan on or about March 31, 2010. Concurrent with the assumption, the Debtor pledged its accounts and other assets. As of August 5, 2010, the amount outstanding under the Patriot Loan was $7,982,875.14.

### The Attorney-Client Relationship with Robert D. Green and Robert D. Green & Associates, P.C.

16. In an undated agreement, "Quality Infusion Care and Spring ER" purportedly entered into a contingent fee agreement with Robert D. Green & Associates, P.C. under which Robert D. Green & Associates, P.C. would receive a contingency fee of between 33%-45% of any recovery of claims against "Aetna, et al., BCBSTX, et al, Cigna, et al., and USFHP, et al." realized from the filing of lawsuits. The agreement is signed by "J". No recovery was ever realized by Robert D. Green & Associates, P.C. The Trustee has not engaged Robert D. Green & Associates, P.C. nor has this Court approved any such engagement.

17. On April 1, 2009, the Debtor paid Robert D. Green the sum of $20,000 (the "Green Payment").

### The Relationship with James Lee, Jr., Clark Burnett, Love & Lee, G.P.

18. James Lee, Jr. and Clark Burnett, Love & Lee, G.P. have asserted an interest in estate property. The Trustee has not located any contingency fee or similar agreement between the Debtor and James Lee, Jr. or Clark Burnett, Love & Lee, G.P. nor has the existence of any such agreement been alleged. Neither James Lee, Jr. nor Clark Burnett, Love & Lee, G.P. have asserted a formal claim in the bankruptcy case. These parties have simply continued to assert in pleadings signed under Bankruptcy Rule 9011 that they have a lien and/or other interest in estate property.

### The Relationship with Cardinal Health 200, LLC

19. In May, 2009, the Debtor entered into an open account arrangement with Cardinal. Pursuant to the terms of their agreement, the Debtor granted Cardinal a lien in all of its personal property, including accounts. On information and belief, a UCC financing statement

was filed in Texas on or about May 26, 2009. Cardinal has sworn that the outstanding balance on the petition date was $69,234.73.

**The Bankruptcy Proceedings**

20. The Debtor filed a voluntary chapter 11 case on January 21, 2011 [Docket No. 1]. By Order also entered January 21, 2011, the Court ordered the appointment of a chapter 11 trustee in the case [Docket No. 6]. The Trustee was appointed as the chapter 11 trustee the same day [Docket No. 8].

21. On January 25, 2011, the Trustee filed his motion to convert the case to a chapter 7 case [Docket No. 17]. The motion was granted by Order entered February 16, 2011 [Docket No. 53]. The Trustee has continued as the chapter 7 trustee in the case.

22. On the petition date, one of the pending litigation matters involving the Debtor was a lawsuit against Aetna. Shortly after his appointment, the Trustee initiated a settlement dialogue with Aetna's counsel. A comprehensive agreement was reached after several weeks of discussions. On March 31, 2011, the Trustee filed his motion to approve compromise under Rule 9019 with Aetna Life Insurance Company and several affiliates. The motion was approved by order entered May 24, 2011. Under the terms of the settlement, the Trustee received a cash payment of $1.1 million (the "Aetna Settlement").

Proofs of Claim

23. On March 8, 2011, Green Bank filed a secured proof of claim in the amount of $4,063,830.85. [Claims Docket No. 13]. The claim is based on the outstanding amounts due under the Green Bank $250,000 Loan, the Green Bank $350,000 Loan, the 6300 Interests Loan 1, and the 6300 Interests Loan 2.

24. On July 19, 2011, Cardinal filed a secured proof of claim in the amount of $69,234.73. [Claim Docket No. 79]. The claim is based upon unpaid invoices and the security agreement executed by the Debtor in connection with its account agreement with Cardinal.

25. On August 15, 2011, Patriot Bank filed two proofs of claim, each in the amount of $8,037,533.05. [Claim Docket Nos. 103 and 104]. Claim No. 103 is filed as a secured claim based on the Patriot Loan and related security agreement. Claim No. 104 is duplicative and is filed in the alternative as a general unsecured claim.

26. On August 15, 2011, Robert D. Green & Associates, P.C. filed a secured proof of claim in the amount of $440,000. [Claims Docket No. 95]. In its proof of claim, Robert D. Green & Associates, P.C. asserts that (i) it owns 40% of the Aetna Settlement by virtue of its fee agreement; or (ii) it has a lien under the "common fund doctrine or general equitable principals or other applicable law"; or (iii) it has a general unsecured claim. Robert D. Green & Associates, P.C. and Robert D. Green have also asserted in a number of pleadings that they hold a lien against or own an interest in the Aetna Settlement.

27. Neither James Lee, Jr. nor Clark Burnett, Love & Lee, G.P. have filed a formal claim in the bankruptcy case. James Lee, Jr. and Clark Burnett, Love & Lee, G.P. have asserted in a number of pleadings that they hold a lien against or own an interest in the Aetna Settlement.

### FRAUDULENT TRANSFER AGAINST GREEN BANK UNDER 11 U.S.C. § 548

28. The Debtor's assumption of the 6300 Interests Loan 1 and the 6300 Interests Loan 2 (and grant of all associated security interests) are avoidable under § 548(a)(1)(B). Specifically, the obligations were incurred and transfers were made by the Debtor within 2 years of the petition date. The Debtor received no value in exchange for the obligations it assumed and the encumbrances upon its assets. At the time of the transaction, (i) the Debtor was insolvent, or

became insolvent as a result thereof; (ii) was engaged or was about to engage in business in which its property after incurring the obligations under the guaranty was unreasonably small capital; and/or (iii) intended to incur or believed it would incur debts that it would be unable to repay.

29. Under § 550(a) of the Code, the Trustee may recover the property transferred or the value of such transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. §550(a). Green Bank is the initial transferee and beneficiary of the Debtor's assumption of obligations and pledge of its assets. The Trustee seeks the avoidance of the 6300 Interests Loan 1, the 6300 Interests Loan 2 and all associated security interests in their entirety against Patriot Bank.

### FRAUDULENT TRANSFER AGAINST PATRIOT BANK UNDER 11 U.S.C. § 548

30. The Debtor's assumption of the Patriot Loan (and grant of all associated security interests) is avoidable under § 548(a)(1)(B). Specifically, the obligation was incurred and transfers were made by the Debtor within 2 years of the petition date. The Debtor received no value in exchange for the obligation it assumed and the encumbrances upon its assets. At the time of the transaction, (i) the Debtor was insolvent, or became insolvent as a result thereof; (ii) was engaged or was about to engage in business in which its property after incurring the obligations under the guaranty was unreasonably small capital; and/or (iii) intended to incur or believed it would incur debts that it would be unable to repay.

31. Under § 550(a) of the Code, the Trustee may recover the property transferred or the value of such transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. §550(a). Patriot Bank is the initial transferee and beneficiary of the Debtor's assumption of debt and pledge of its assets. The Trustee seeks the

avoidance of the Patriot Loan and all associated security interests in their entirety against Patriot Bank.

### **FRAUDULENT TRANSFER AGAINST ROBERT D. GREEN UNDER 11 U.S.C. § 548**

32. The Debtor's delivery of the Green Payment is avoidable under § 548(a)(1)(B). Specifically, the payment was made by the Debtor within 2 years of the petition date. The Debtor received no value in exchange for the Green Payment. At the time of the transaction, (i) the Debtor was insolvent, or became insolvent as a result thereof; (ii) was engaged or was about to engage in business in which its property after incurring the obligations under the guaranty was unreasonably small capital; and/or (iii) intended to incur or believed it would incur debts that it would be unable to repay.

33. Under § 550(a) of the Code, the Trustee may recover the property transferred or the value of such transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. §550(a). Robert D. Green is the initial transferee and beneficiary of the payment. The Trustee seeks a money judgment against Robert D. Green in the amount of $20,000.

### **DETERMINATION OF THE EXTENT, VALIDITY AND PRIORITY OF ALLEGED LIENS AND REQUEST FOR DECLARATORY JUDGMENT**

34. The Debtor seeks a declaratory judgment under 11 U.S.C. § 506 and other applicable law as follows:

> Neither James Lee, Jr. nor Clark Burnett, Love & Lee, G.P. has a lien against or interest in the Aetna Settlement or any other estate property.
>
> Neither Robert D. Green nor Robert D. Green & Associates, P.C. has a lien against or interest in the Aetna Settlement or any other estate property.
>
> Patriot Bank has no lien against or interest in the Aetna Settlement or any other estate property.

>Green Bank has a first lien against the Aetna Settlement to secure only the outstanding balance owed under the under the Green Bank $250,000 Loan and the Green Bank $350,000 Loan. Green Bank holds no other liens against the Aetna Settlement or other estate property.
>
>Cardinal has a second position lien against the Aetna Settlement to secure its unpaid allowed secured claim.

35.   In addition, the Trustee seeks a money judgment against James Lee, Jr., Clark Burnett, Love & Lee, G.P., Robert D. Green and Robert D. Green & Associates, P.C. for his attorney's fees, costs and damages caused by the foregoing parties' illegitimate legal positions and baseless assertions of liens/interests taken with full knowledge of the applicable governing law in this circuit.

### Objection to Claim No. 13 (Green Bank)

*Green Bank Holds no Valid Claim Against the Estate with respect to the 6300 Interests Loan 1 or the 6300 Interests Loan 2.*

36.   As set forth above, the Debtor has no liability for any claim arising out of or related to the 6300 Interests Loan 1 or the 6300 Interests Loan 2. Accordingly, Claim No. 13 should be reduced by such amounts totaling in excess of $3.5 million. The Trustee has no objection to the allowance of Claim No. 13 to the extent that the claim is based on amounts owed under the Green Bank $250,000 Loan or the Green Bank $350,000.

### Objection to Claim No. 103 and 104 (Patriot Bank)

*Patriot Bank Holds no Valid Claim Against the Estate with respect to the Patriot Loan.*

37.   As set forth above, the Debtor has no liability for any claim arising out of or related to the Patriot Loan. Accordingly, both claims should be denied in their entirety.

*Claims 103 and 104 are Duplicative*

38.   The two claims filed by Patriot are duplicative.

### Objection to Claim No. 95 (Robert D. Green & Associates, P.C.)

*Robert D. Green & Associates, P.C. holds no Valid Claim Against the Estate*.

39.     Claim No. 95 should be disallowed in its entirety under §§ 502(b)(1) and (4) and other applicable law.  *See In re Patton*, 358 B.R. 911 (Bankr. S.D. Tex. 2007), *In re Plaza*, 363 B.R. 517 (Bankr. S.D. Tex. 2007).  The purported pre-petition fee agreement is void and in violation of the Texas Disciplinary Rules of Professional Conduct.  *In re Plaza*, 363 B.R. 517 (Bankr. S.D. Tex. 2007).  Moreover, Robert D. Green & Associates, P.C.'s entitlement to a claim is contingent upon an event that never occurred—Robert D. Green & Associates, P.C.'s realization of a recovery.  Finally, any allowed claim is a general unsecured claim as no valid security interest exists.

### REQUEST FOR PRE- AND POST-JUDGMENT INTEREST

40.     The Trustee seeks pre-judgment interest on the value of money damages awarded hereunder from the date of transfer through the date of judgment at the rate of 6% per annum. The Trustee seeks post-judgment interest on all money damages awarded hereunder from the date of judgment until paid at the prevailing federal judgment rate.

### PRAYER

Accordingly, the Trustee requests the Court to enter judgment as set forth above and to grant such other relief as is just.

**Dated: August 27, 2011.**

Respectfully submitted,

**Porter Hedges LLP**

By: _____
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
Joshua W. Wolfshohl
State Bar No. 24038592
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)
**Counsel for the Trustee**